107 F.3d 878
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marion PHILP, Plaintiff-Appellant,
v.
JACKSON NATIONAL LIFE INSURANCE CO., a corporation,
Defendant-Appellee.
 No. 95-56408.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1997.*
Decided Feb. 28, 1997.
 
 1
 Before: D.W. NELSON, TROTT, Circuit Judges, and ROBERT J. BRYAN,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Marion Philp appeals the district court's grant of summary judgment in favor of the defendant, Jackson National Life Insurance Company ("JNL"). She argues that the district court erred when it held that decedent Robin Philp's misrepresentations on an insurance contract application were material as a matter of law, and that JNL was entitled to rescind the life insurance policy. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 4
 Robin Philp completed an application for life insurance with JNL in 1992. The application asked numerous, specific questions about Philp's medical history. Each of Philp's answers indicated that he had not suffered from any diseases or medical disorders. Philp stated in the application that his only visit to a doctor in the last five years had been for a "routine checkup." JNL's agent assisted Philp in completing the application, but Philp signed the application and represented that it was correct. JNL issued the life insurance policy based on the application.
 
 
 5
 Less than one year later, Philp died from coronary heart disease. The death certificate listed hypertension as a "significant condition[ ] contributing to death." The appellant made a claim for the insurance proceeds. In processing the claim, JNL discovered that contrary to his answers on the application, Philp had suffered from numerous medical conditions. The medical records reveal that in 1984, 1986, 1989, and 1991 Robin Philp was diagnosed with hyperlipidemia. Also, in 1984, Robin Philp was diagnosed with hypertension. His hypertension continued through 1992, and he took hypertension medication daily.
 
 
 6
 In 1989, Robin Philp's liver enzymes were elevated, and in 1990, he consulted with a liver specialist. In 1973, Robin Philp was diagnosed with a severe form of kidney disease. From 1973 to 1990, his urine tests continued to show signs of kidney disease. In 1987, Robin Philp was diagnosed with gout, which his physician believed was caused by kidney disease.
 
 
 7
 In the five years prior to November 24, 1992, Robin Philp consulted with several physicians, including specialists, in addition to his personal physician; and he had several cardiograms, including treadmill or stress electrocardiograms. Robin Philp took prescribed medications on a daily basis for many years, up until, and including, the month he completed the JNL application. Philp failed to disclose any of these conditions or treatments on the application.
 
 
 8
 JNL rescinded the policy and refunded the premiums. Appellant sued to collect the policy benefits. The district court found that: Philp's numerous misrepresentations were material as a matter of law; JNL was not estopped from rescinding the insurance contract because of any acts by its own agent; and JNL did not waive its right to rescind the insurance contract by failing to refer to all misrepresentations in its letter of denial or by failing to investigate the accuracy of Robin Philp's application before issuing the insurance policy. The district court granted summary judgment in favor of JNL. We affirm.
 
 I.
 
 9
 We review a grant of summary judgment de novo, Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). We must determine, viewing the evidence in the light most favorable to Philp, whether there are any genuine issues of material fact for trial and whether the district court correctly applied the relevant substantive law. Bagdadi, 84 F.3d at 1197.
 
 II.
 
 10
 The first issue presented to us is whether Robin Philp's misrepresentations in the JNL insurance application were material, thereby allowing JNL to rescind the contract. Under California law, Philp had a duty to communicate, in good faith, all of the facts within his knowledge that were, or that he believed to be, material to the contract and that JNL did not have the means of ascertaining. Cal.Ins.Code § 332; see also Thompson v. Occidental Life Ins. Co., 513 P.2d 353, 360 (Cal.1973) (stating "an insurer has a right to know all that the applicant for insurance knows regarding the state of his health and medical history."). If a representation is false in a material way, the injured party is entitled to rescind the contract. Cal.Ins.Code § 359.
 
 
 11
 To prove material misrepresentation on an insurance application, the insurer need not prove an actual intent to deceive. Thompson, 513 P.2d at 360. An unintentional misrepresentation is sufficient. Cohen v. Pennsylvania Mut. Life Ins. Co., 312 P.2d 241, 243 (Cal.1957). Even one material misrepresentation in an insurance application is grounds for rescission. See, e.g., Old Line Life Ins. Co. v. Superior Court, 229 Cal.App.3d 1600, 1604 (1991).
 
 
 12
 "Materiality is determined solely by the probable and reasonable effect which truthful answers would have had upon the insurer." Thompson, 513 P.2d at 360; Cal.Ins.Code § 334. Under this test, materiality includes the effect the information would have on the amount of the premium charged for the insurance contract. Holz Rubber Co. v. American Star Ins. Co., 533 P.2d 1055, 1065 (Cal.1975). The fact that the insurer has demanded answers to specific questions in an application for insurance generally establishes materiality as a matter of law. Thompson, 513 P.2d at 360; Imperial Cas. & Indem. Co. v. Sogomonian, 198 Cal.App.3d 169, 179 (1988).
 
 
 13
 However, if the applicant for insurance did not have knowledge of the facts sought, or if the applicant failed to appreciate the significance of information related to him, his incorrect or incomplete responses would not constitute grounds for rescission. See, e.g., Thompson, 513 P.2d at 360 (finding that the insured was never told that he had arteriosclerosis); Ransom v. Pennsylvania Mut. Life Ins. Co., 274 P.2d 633, 636-37 (Cal.1954) (finding no evidence that insured was ever informed he had high blood pressure). See also Cal.Ins.Code §§ 332, 333.
 
 
 14
 Here, it is undisputed that Robin Philp did not communicate to JNL all facts within his knowledge regarding his health and medical history on the insurance contract application, despite specific questions encompassing Philp's medical conditions. Philp's misrepresentations were material both because JNL specifically requested the information and because JNL's decisions regarding the policy would have been affected: Philp would not have qualified for the preferred policy for which he applied, and, if JNL had issued the policy, the premium rate would have been higher.
 
 
 15
 Appellant asserts that Robin Philp did not appreciate the significance of his medical conditions, and therefore, that his false responses were not grounds for rescission. The appellant's assertions in this regard are specious: Robin Philp had a long medical history that was contrary to the answers he gave on the application. While Robin Philp may have disagreed with some of the opinions his physicians gave him, he nonetheless had a duty to disclose his medical history, and his failure truthfully to provide these answers constituted grounds for rescission.
 
 III.
 
 16
 The second issue presented is whether the acts of JNL's agent estop JNL from rescinding the contract. "Where the insured, in good faith, makes truthful answers to the questions contained in the application, but his answers, owing to the fraud, mistake, or negligence of the agent filling out the application, are incorrectly transcribed, the company is estopped to assert their falsity as a defense to the policy." Boggio v. California W. States Life Ins. Co., 239 P.2d 144, 146 (Cal.Ct.App.1952).
 
 
 17
 We reject appellant's argument that because JNL's agent only spent 15 minutes with Robin Philp completing the insurance application, the application could not have been "appropriately completed." This assertion, without more, is insufficient to raise a genuine issue of material fact as to whether Philp's false answers on the application were caused by JNL's agent's fraud, mistake, or negligence. Moreover, the misrepresentations made by Robin Philp occurred through the fault of Robin Philp, and therefore, even if JNL's agent acted negligently, JNL would not be estopped from asserting the defense of material misrepresentation.
 
 IV.
 
 18
 The next issue is whether JNL waived its right to rely on all of Philp's misrepresentations in rescinding the contract when if failed to refer to all of them in its denial letter. An insurer's failure to raise a particular ground for denial of coverage in its initial denial letter does not prevent the insurer from later denying coverage on that ground unless the insurer intentionally relinquished a right to rely on the ground, or unless the insured detrimentally relied on the insurer's initial failure to state that ground. B & E Convalescent Ctr. v. State Compensation Ins. Fund, 8 Cal.App.4th 78, 86 n. 7 (1992). There is no evidence that JNL intentionally relinquished its right to rely on any of Philp's misrepresentations to rescind, or that appellant relied on JNL's "failure" to state each and every misrepresentation made by Philp. JNL did not waive its right to rescind the contract.
 
 V.
 
 19
 The final issue is whether JNL waived its right to rescind the insurance contract when it did not conduct an independent investigation of the policy application. An insurer has no independent duty to investigate facts in an insurance application or to consult with the applicant's physician. See, e.g., S.F. Lathing Co. v. Pennsylvania Mut. Life Ins. Co., 300 P.2d 715, 719 (Cal.Ct.App.1956). An insurer may rescind an insurance contract for material misrepresentations even if the insurer issued the policy without investigating the applicant's medical history. Cohen, 312 P.2d at 245 (finding no waiver when insured's denial of any medical history indicated no need to investigate); Old Line Life Ins. Co., 229 Cal.App.3d at 1606 (finding that insurer had no duty to investigate applicant's cigarette smoking even where the application responses were inconsistent on the issue). Under California law, "[t]he right to information of material facts may be waived ... by neglect to make inquiries as to such facts, where they are distinctly implied in other facts of which information is communicated." Cal.Ins.Code § 336 (emphasis added).
 
 
 20
 In Robinson v. Occidental Life Ins. Co., 281 P.2d 39, 42 (Cal.Ct.App.1955), the court said: "No authority is cited and none will be found holding that an insured or his beneficiaries may escape the consequences of his deception by placing upon the insurer the burden of investigating his verified statements." As in Robinson, we will not allow appellant to escape the consequences of Robin Philp's false statements on the application. Moreover, there is no evidence that JNL was, or should have been, aware of the misrepresentations from the application itself or from any other source. JNL did not waive its right to rescind the contract.
 
 VI.
 
 21
 In conclusion, because Robin Philp made several material misrepresentations on the insurance application, JNL was entitled to rescind the life insurance policy. JNL is not estopped from rescinding the policy because of any acts or omissions of its agent. JNL did not waive its right to rescind when it did not refer to every misrepresentation made on the application in its denial letter, or when it did not investigate Robin Philp's medical history before it issued the life insurance contract. There are no genuine issues of material fact for trial, and JNL is entitled to summary judgment.
 
 
 22
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Robert J. Bryan, United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to by the courts of this circuit